UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNA ELAINE R., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C25-1016-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for Child Insurance Benefits ("CIB"). Plaintiff contends that the administrative law judge ("ALJ") erred by considering too narrow of a relevant time period and by misevaluating the medical opinion evidence at step two. (Dkt. # 9.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 13.) Plaintiff filed a reply. (Dkt. # 15.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1956, has a high school education, and has no past relevant work. AR at 29. In 2021, Plaintiff applied for CIB through her recently deceased father, alleging disability since birth. *Id.* at 117. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 27. After the ALJ conducted a hearing in May 2024, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 27-33.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, that Plaintiff's cerebral palsy was a medically determinable, but not severe, impairment prior to her twenty-second birthday. AR at 29. As such, he stopped his evaluation after step two. *Id.* at 33.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

## III. LEGAL STANDARDS

Under Title II of the Social Security Act, CIB is available based on the earnings record of an insured person who is entitled to old-age or disability benefits or who is deceased. 20 C.F.R. § 404.350(a). Eligibility for CIB is governed by the same definition of disability and the five-step sequential evaluation process used in other disability determinations. 42 U.S.C. § 423(d); 20 C.F.R. § 404.1520(a)(1)-(2). To qualify for CIB, a claimant must satisfy several criteria, including, if over age 18, having a disability that began before turning 22.[3] 20 C.F.R.

---

[2] 20 C.F.R. § 404.1520.

[3] The Commissioner argues the ALJ need only consider Plaintiff's disability between the ages of 18 and 22. (Dkt. # 13 at 2-7.) But the plain language of the statute makes clear that Plaintiff need only establish disability before the age of 22. 20 C.F.R. § 404.350(a)(5)("you are 18 years old or older and have a disability that began before you became 22 years old"); *see also, e.g.*, *Smolen v. Chater*, 80 F.3d 1273, 1280 (9th Cir. 1996); *Hill v. Comm'r of Soc. Sec.*, 2018 WL 1384640, at *4 (E.D. Wash. Mar. 19, 2018).

ORDER - 2

§ 404.350(a)(1)-(5). Accordingly, the relevant time-period in this case is prior to November 1978.

### A. Standards of Review

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

### IV.   DISCUSSION

### A.    The ALJ Erred at Step Two

Step two serves as "a threshold determination meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146-47

(1987)). The ALJ must determine whether the claimant has a "severe" impairment. 20 C.F.R. § 404.1520(c). An impairment is not severe only if it has no more than a minimal effect on the ability to work. *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005). If the claimant has at least one severe impairment, the evaluation proceeds to step three. 20 C.F.R. § 404.1520(d).

While the ALJ acknowledged Plaintiff's cerebral palsy, he erroneously concluded it was not severe. AR at 29-32. Cerebral palsy is listed in the Listing of Impairments and is presumptively disabling when accompanied by low IQ, abnormal behavior patterns, significant communication deficits, or poor of motor function. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.07. The ALJ's step-two error stemmed from his flawed assessment of the medical opinions and Plaintiff's testimony, as detailed below.

**B.     The ALJ Erred in Evaluating Medical Evidence**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff argues the ALJ failed to properly evaluate the medical opinions of Drs. Burkhart, Glisky, and Benson. (Dkt. # 9 at 9-11.) Although the ALJ did not err in omitting discussion of Dr. Benson—who offered no opinion on functional limitations—he did err in his treatment of Drs. Burkhart and Glisky.

Dr. Burkhart examined Plaintiff on August 15, 2022, and found moderate to severe limitations in learning, comprehension, and communication. AR at 546, 549-50. He then referred Plaintiff to Dr. Glisky, who conducted an exam in February 2023 and opined that she required significant assistance due to cerebral palsy, with no significant change since young adulthood. *Id.*

ORDER - 4

at 634-43. Testing revealed Plaintiff ranked in the bottom one percentile for fine motor ability in her dominate left hand and could not perform tasks with her right hand. *Id.* at 641. Extreme upper-extremity limitations, such as here, meet the listing criteria for cerebral palsy. 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 11.07, 11.00D.

The ALJ dismissed both opinions as inconsistent with a lack of objective evidence, limited treatment, "largely normal" exam findings, and Plaintiff's activities, including obtaining an Associate of Arts degree. AR at 31. Yet he failed to assess whether the opinions were supported by the doctors' own examinations. *Id.* He also ignored Dr. Glisky's specific findings on manipulative limitations, which support equivalence to a listed impairment. *Id.* Moreover, as Dr. Karpitsky testified, cerebral palsy is a static condition that does not typically require ongoing treatment. *Id.* at 93-94. The ALJ thus erred in relying on a lack of treatment to discredit the severity of Plaintiff's cerebral palsy symptoms. Accordingly, the ALJ erred in evaluating the medical opinion evidence.

### C. The ALJ Erred in Evaluating Plaintiff's Testimony

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, the ALJ is not required to believe every allegation, nor to analyze testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

Here, the ALJ rejected Plaintiff's testimony due to "insufficient evidence" of more than minimal workplace limitations. AR at 31. But the Ninth Circuit has repeatedly held that "an ALJ cannot effectively render a claimant's subjective symptom testimony superfluous by demanding

positive objective medical evidence 'fully corroborating' every allegation within the subjective testimony." *Smartt*, 53 F.4th at 495 (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). The ALJ's reference to normal neurological findings and Plaintiff's cognitive activities does not contradict her specific complaints of slow gait, poor dexterity, and unclear speech. AR at 30-31. The ALJ therefore provided no valid reason, supported by substantial evidence, to reject Plaintiff's testimony.

The ALJ also dismissed lay-witness statements from Plaintiff's sisters for similar flawed reasons. Such testimony offers critical insight into daily functional limitations not always captured in medical records. *See Dale v. Colvin*, 823 F.3d 941, 944-45 (9th Cir. 2016). Because remand is warranted due to errors in evaluating the medical evidence and Plaintiff's testimony, the ALJ must also reconsider the lay-witness statements in light of the full record and ensure the residual functional limitations reflects all of Plaintiff's limitations.

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate the evidence from Plaintiff's birth through her 22nd birthday, reassess step two, reconsider Plaintiff's symptom testimony and the lay-witness reports, reevaluate the medical opinion evidence, and proceed through the remaining steps of the sequential evaluation as necessary.

Dated this 17th day of December, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge